IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRIS J. JACOBS, III,

                                                                                   ORDER

                Plaintiff,

                                                                                  10-cv-140-bbc

     v.

PRISON RECORD DEPT.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a case in which plaintiff Chris J. Jacobs III, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, sought an injunction giving him access to presentence investigation reports used in a prior state criminal case. In a May 7, 2010 order, I denied plaintiff leave to proceed because there is no federal right of access to the state records at issue, dismissed the case and assessed him a strike under 28 U.S.C. § 1915(g). I instructed plaintiff that the issue of access to these records is governed by Wis. Stat. § 972.15 and directed him to take up the issue in state court.

      Now plaintiff has filed two motions seeking reconsideration of the May 7 order, both of which I will deny. In his first motion, filed on May 17, 2010, plaintiff seeks to have the dismissal changed to a voluntary dismissal and have the strike removed from his record

1

because he was not "acting in bad faith." In support he argues that I overlooked Department of Justice v. Julian, 486 U.S. 1 (1988), in which the Supreme Court concluded that the Freedom of Information Act enabled prisoners to obtain copies of presentence investigation reports. I take this to mean that because he believes that he has raised a colorable argument against dismissal, he cannot be assessed a strike under § 1915(g). He is incorrect. It is not necessary for a plaintiff to act in "bad faith" to accrue a strike; it is enough for the plaintiff to bring a case that fails to state a claim upon which relief can be granted, whether or not he knows it to be frivolous. At any rate, I note that Julian is inapplicable to the present case because the Freedom of Information Act does not apply to state agencies. 5 U.S.C. §§ 551, 552; see also Davidson v. Georgia, 622 F.2d 895, 897 (5th Cir. 1980).

Plaintiff's request that the May 7 dismissal of his case be changed to a voluntary one seems to be related to his effort to avoid a strike. However, there is no reason to grant a request for voluntary dismissal after a case has been dismissed with prejudice. In any event, plaintiff's request for voluntary dismissal is mooted by his second motion for reconsideration, in which he switches gears, now arguing that he should be allowed to proceed with the case and submit an amended complaint. He states that his amended complaint would include "expense lists" of his two criminal trials, showing that "snitch after snitch were being paid money and getting favors and a few of these snitches were blackmailing me and/or embezzling from me and even assaulting and extorting money/labor/

and bulldozing/backhoe work from me & my family and being paid by Marathon Co." These allegations have nothing to do with his present case, which is specifically about his presentence investigation reports. To the extent he is arguing that his criminal trials were defective, those claims do not belong in this case.

ORDER

IT IS ORDERED that plaintiff Chris J. Jacobs's motions for reconsideration of the court's May 7, 2010 order dismissing the case, dkt. ##12 and 13, are DENIED.

Entered this 6th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3